153290.1
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs
Montblanc-Simplo GmbH and
Montblanc North America, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MONTBLANC-SIMPLO GMBH and              :
MONTBLANC NORTH AMERICA, LLC,          :
                                       :
                                       :
            Plaintiffs,                :   CIVIL ACTION
                                       :   07 No. CIV 6956
                                       :
v.                                     :
                                       :   COMPLAINT
                                       :
BOBLEY-HARMANN CORPORATION d/b/a       :
MONTEFIORE FINE WRITING INSTRUMENTS,   :
MONTEFIOREGIFTS.COM and GIFTVALUES.COM :
and JOHN DOES 1-10,                    :
                                       :
            Defendants.                :
------------------------------------------------------------------x

**JUDGE HOLWELL**

   Plaintiffs Montblanc-Simplo GmbH and Montblanc North America, LLC, (collectively

"Plaintiffs") through their attorneys, complaining of defendants allege as follows:


Nature of Suit, Jurisdiction and Venue

   1.   This suit is brought pursuant to provisions of the Trademark Act of 1946,

15 U.S.C. § 1051, *et seq.*, and common law to redress acts of trademark and trade dress

infringement by Defendants. This Court has jurisdiction over the subject matter of the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and over the subject matter of the common law claim pursuant to 28 U.S.C. §§ 1338 and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

The Parties

2.  Montblanc-Simplo GmbH (hereinafter "Montblanc-Simplo") is a German corporation having its principal place of business at Hellgrundweg 100, D 22525 Hamburg, Germany.

3.  Montblanc North America, LLC (hereinafter "Montblanc NA") is a limited liability company duly organized and existing under the laws of the State of Delaware, having a place of business at 430 Mountain Avenue, Murray Hill, New Jersey 07974. Montblanc NA is a sister corporation of Montblanc-Simplo, both having the same ultimate corporate parent, and is the exclusive licensee and distributor in the United States of MONTBLANC brand writing instruments and related products, all of which are designed, manufactured and packaged by Montblanc-Simplo. (Montblanc NA and Montblanc-Simplo are collectively referenced hereinafter as "Montblanc.")

4.  Defendant Bobley-Harmann Corporation *d/b/a* Montefiore Fine Writing Instruments, *Montefioregifts.com* and *GiftValues.com,* is a corporation organized under the laws of the State of New York, having a place of business at 1501 Broadway, New York, New York 10036 and doing business through the websites *www.montefioregifts.com* and *www.giftvalues.com* (hereinafter "Bobley-Harmann"). Bobley-Harmann is transacting and doing

business within this judicial district. Bobley-Harmann is subject to the jurisdiction of this Court pursuant to the laws of the state and Rule 4 of the Federal Rules of Civil Procedure.

5. Upon information and belief, defendants John Does 1-10 are individuals who are officers or other managing agents of Bobley-Harmann and are each a conscious, dominant and active force behind the wrongful acts of one or more of Bobley-Harmann complained of herein, which wrongful acts they have engaged in for the benefit of Bobley-Harmann for their own individual gain and benefit. Defendants John Does 1-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

6. All Defendants herein are collectively referenced as "Defendants."

The World-Famous MONTBLANC Products

7. Montblanc products and the various trademarks thereon are famous as symbols of quality and luxury throughout the world. Each Montblanc writing instrument or other product is meticulously crafted from only the finest materials and subjected to the strictest quality controls. Montblanc also guarantees its products against all defects. Assurance of workmanship of the highest quality, guaranteed product integrity, and customer satisfaction are integral to the meaning of the Montblanc name.

The STARWALKER Word Mark

8. Certain Montblanc products and/or their packaging bear the trademark STARWALKER (the "STARWALKER Trademark") thereon. Among the federal registrations for this trademark is No. 2,759,073 of September 2, 2003 for fountain pens, ballpoint pens and other pen-related products (hereinafter the "STARWALKER Registration"). The

3

STARWALKER Registration is in full force and effect and the trademark therein and the goodwill of the business of Montblanc in connection with which the trademark is used have never been abandoned. Montblanc intends to continue to preserve its rights with respect to the STARWALKER Trademark and the STARWALKER Registration and to make use of the STARWALKER Trademark in connection with all aspects of its business and, in particular, in all aspects of the manufacture and sale of fine writing instruments and related accessories.

The Montblanc STARWALKER Trade Dress

9. The trade dress of the Montblanc STARWALKER pens consists of a collocation of design elements. The combination of all or almost all such elements together give the pens a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the STARWALKER Trade Dress:

a) a body, the upper portion of which has a uniform radius and the lower portion of which has a bulging out in radius and then a tapering down to a point;

b) a translucent, rounded dome at the top of the pen;

c) a grid design consisting of small rectangular areas laid out around the entire length of the pen of steel-colored edges and black background, with the long edges of the rectangular area laid along the length of the pen;

d) at around the mid-point of the length of the lower bulging portion of the pen there is a triple-band design in steel-colored metal around the circumference of the pen with the band in the middle being thicker than the bands above and below it.

Figure A (below) is a photograph of the STARWALKER Trade Dress:



**FIGURE A**

10.  The collocation of features set forth in the above paragraph constitute a distinctive trade dress that has secondary meaning. This design has been extensively promoted by Montblanc in the United States and has achieved significant sales success. The public has come to recognize this design as distinctive of this line of Montblanc pens and as an indication of source of such watches. The STARWALKER Trade Dress is thus a means by which Cartier is known to the public and the trade as the sole source and origin of Montblanc STARWALKER pens.

11.  The STARWALKER Trade Dress is in no way functional.

Montblanc's Goodwill

12.  Because of the superior quality and excellence of its product, and the excellent customer service and warranty policies, Montblanc has built up an excellent reputation and valuable commercial goodwill in the STARWALKER Trademark and STARWALKER trade dress as they relate to the various products for which they are used, all of which include types of pens.

13. Montblanc-Simplo has neither licensed nor authorized any person or entity other than Montblanc NA to import Montblanc writing instruments or related products into the United States (excluding duty-free shops not engaged in United States commerce). Montblanc NA is the only company authorized by Montblanc-Simplo to distribute Montblanc writing instruments and related products bearing the STARWALKER Trademark or STARWALKER Trade Dress in the United States.

Defendant's Complained of Activities

14. Defendants have sold, offered for sale and distributed pens bearing the STARWALKER Trade Dress or colorable imitation thereof. Further, Defendants have identified such items by the term "Moonwalker," which term falsely suggests an affiliation, sponsorship or connection with Montblanc and its STARWALKER pens.

15. Defendants have neither sought nor received a license or authorization from any of the Plaintiffs for any purpose whatsoever, including for the acts described herein.

16. Upon information and belief, Defendants acts of infringement in the manner described herein was done intentionally, willfully and in bad faith, was and is in total disregard of plaintiff Montblanc's rights and was commenced and has continued in spite of Defendants' knowledge that such activities were and are in direct contravention of rights.

## COUNT I

### Federal Trademark Infringement
### 15 U.S.C § 1114(1)

17.     Montblanc repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

18.     The use by Defendants of the STARWALKER Trademark or an imitation thereof in the manner described herein has been without the consent of Montblanc, has been in "commerce" as that term is defined in the Trademark Act of 1946, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that Defendants and its products are authorized by, approved by, sponsored by, or connected with Montblanc. Defendants are liable under 15 U.S.C. § 1114(1).

19.     Montblanc has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT II

### False Designation of Origin
### 15 U.S.C. § 1125(a)

20.     Montblanc repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set forth herein.

21.     Defendants have affixed, applied, or used in connection with the sale of their goods, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendants are sponsored by, authorized by or connected with Montblanc. In particular, the use by Defendants of the colorable imitations of the

STARWALKER Trademark and the STARWALKER Trade Dress in the manner described herein creates a likelihood that consumers will be confused or deceived into believing that the "pens sold by Defendants are Montblanc products or sponsored or approved by Montblanc" when such is not the case.

22. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the STARWALKER Trademark and STARWALKER Trade Dress, completely and deliberately disregard plaintiff Montblanc's rights and were commenced and have continued in spite of Defendants' knowledge that the use of a simulation or colorable imitation of these trademarks was and is in direct contravention of plaintiff Montblanc's rights.

23. Montblanc has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

### COUNT III

### Common Law Trademark Infringement and Unfair Competition

24. Montblanc repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set forth herein.

25. The actions of Defendants described herein constitute common law trademark infringement and unfair competition.

26.     Montblanc has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

WHEREFORE, plaintiffs Montblanc-Simplo and Montblanc NA demand:

I.      That a permanent injunction be issued enjoining Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with them:

(a)     From using in any manner the STARWALKER Trademark or STARWALKER Trade Dress or any mark similar thereto on pens or any other products not approved by Plaintiffs;

(b)     From using any logo, trade dress, trade name, or trademark, which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants or third parties are sponsored by, authorized by, or in any way associated with plaintiff Montblanc;

(c)     From passing off, inducing or enabling others to sell or pass off any goods as products produced by Montblanc which are not in fact genuine Montblanc goods, or not produced under the control and supervision of Montblanc, and approved by Montblanc;

(d)     From otherwise infringing upon the STARWALKER Trademark and STARWALKER Trade Dress identified herein;

(e)     From otherwise competing unfairly with Plaintiffs in any manner; and

(f)     From falsely representing themselves as being connected with Montblanc or sponsored by or approved by or associated with Montblanc or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendants are, in any way, associated with plaintiff Montblanc.

II.     That Defendants be required to deliver up to Montblanc for destruction, any and all goods in their possession or in the possession of their affiliates or under their control that bear any of the marks or trade dress identified herein.

III.    That Defendants be required to deliver up to Montblanc for destruction, any and all catalogs, circulars and other printed material in their possession or in the possession of their affiliates or under their control displaying or promoting pens or other products which infringe any of the marks or trade dress identified herein.

IV.    That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of the injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

V.     That Defendants be required to account to Montblanc for all profits and damages resulting from Defendants' infringing activities, or, in the alternative, that statutory damages be awarded to plaintiff Montblanc as provided by 15 U.S.C. § 1117(c), and that the award be increased as provided for under 15 U.S.C. § 1117.

VI.    That plaintiffs have a recovery from Defendants the costs of this action and plaintiffs' reasonable counsel fees.

VII.  That plaintiffs have all other further relief as the Court may deem just and proper under the circumstances.

Dated: August 2, 2007

Respectfully submitted,

KALOW & SPRINGUT LLP
Attorneys for Plaintiffs Montblanc-Simplo GmbH
and Montblanc North America, LLC


By: _____
Milton Springut (MS6574)
Tal. S. Benschar (TSB0838)
