# FRANKLIN, GRINGER & COHEN, P.C.

GLENN J. FRANKLIN
MARTIN GRINGER
STEVEN ELLIOT COHEN

JOSHUA A. MARCUS*
JESSE GRASTY

* ADMITTED IN NY AND NJ

ATTORNEYS AT LAW

666 OLD COUNTRY ROAD, SUITE 202
GARDEN CITY, NEW YORK 11530-2013
TELEPHONE (516) 228-3131 • FAX (516) 228-3136
NEW YORK CITY TELEPHONE (212) 725-3131 • FAX (212) 725-3268

KEN SUTAK
CLAUDIA N. WERNICK*
OF COUNSEL

NEW YORK CITY OFFICE
215 LEXINGTON AVE., 18TH FL.
NEW YORK, NY 10016

DIRECT ALL CORRESPONDENCE
TO GARDEN CITY OFFICE

March 10, 2008


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/08


RECEIVED
CHAMBERS OF
RICHARD J. HOLWELL

**VIA FACSIMILE**

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Montblanc-Simplo GMBH et al. v. Bobley-Harmann Corporation et al.*
            2007 Civ. 6956 (RJH)

Honorable Judge Holwell:

    Please be advised that this office is counsel of record for the defendants ("Bobley") in the above referenced action. I am writing to request an informal conference pursuant to Local Civil Rule 37.2 for the purpose of submitting a motion for a protective Order directing that Bobley's deposition take place in Nassau County, rather than New York County as noticed by plaintiff's counsel.

    Plaintiffs have served an amended notice to take Bobley's deposition dated February 14, 2008. (Please see Exhibit "A" annexed hereto.) That notice designates plaintiff's counsel' office in New York County as the venue for the deposition. I was absent from my office for approximately 2 weeks at the time of the service of the notice as I had previously advised plaintiff's counsel. Bobley contests the selected venue.

    Bobley is a domestic corporation with its only place of business located at 95 Hopper Street, Westbury, NY in Nassau County. The designated witness, Mr. Mark Bobley, is a resident of Suffolk County. The law is well settled that "[t]here is a presumption that depositions of corporate officers will take place at the corporate officer's residence or the corporation's principal place of business." *Silva Run Worldwide Limited v. Gaming Lottery Corporation*, 2003 U.S. Dist. LEXIS 22994 *2 (SDNY 2003). This Honorable Court has the discretion to designate the site of the deposition after considering the cost, convenience and efficiency of conducting the deposition in Nassau County.

FRANKLIN, GRINGER & COHEN, P.C.
ATTORNEYS AT LAW

Hon. Richard J. Holwell
March 10, 2008
page -2-

  Here, the plaintiffs maintain principal places of business in Hamburg, Germany and Murray Hill, New Jersey, respectively, as set forth in the complaint; neither is a New York corporation. On the other hand, and as set forth above, Bobley only has a nexus with Nassau County, and its corporate officer within Suffolk County. In addition, I maintain my practice within Nassau County, which is less than 3 miles from Bobley's office. Further, all of the documents that have been produced thus far have originated at Bobley's office.

  I have attempted to resolve this issue with plaintiff's counsel to no avail. I have annexed hereto a copy of my most recent correspondence and plaintiff's counsel's response. (Please see, Exhibits "A" and "B") Accordingly, I respectfully request an informal conference for the purpose of resolving this issue, or granting permission to file the appropriate motion.

Respectfully submitted,

FRANKLIN, GRINGER & COHEN, P.C.

By: Steven E. Cohen, Esq.

SEC/jf

cc: Kalow & Springut LLP (via facsimile)

*[Handwritten note:]* The deposition shall take place at defendants' counsel's office at a mutually agreeable time.

SO ORDERED

[signature]
USDJ
3/11/08